IN RE NOTARIAL BONDS OF THE BAR ASSOCIATION

Submitted: December 13, 1939.—Decided January 8, 1940.

774

*Benicio Sánchez Castaño* and *Luis E. Dubón*, for the Bar Association; *E. Campos del Toro, Acting Attorney General*, for the Department of Justice; *R. H. Ball*, for the office of the Superintendent of Insurance.

Mr. Justice Wolf delivered the opinion of the Court.

On the 15th of May 1939 the Legislature of Puerto Rico approved Act No. 170 and the Section with which we are concerned, as amended, reads: (Laws, p. 862.)

"Section 2.—(As amended by an Act of March 10, 1910, page 149.)—In addition to those now practicing the notarial profession in Puerto Rico, and such as have heretofore secured a certificate issued by the Supreme Court of Puerto Rico, only lawyers admitted to practice before the courts of justice by the Supreme Court of Puerto Rico and who have given a bond in favor of The People of Puerto Rico in the sum of two thousand five hundred (2,500) dollars, for the faithful discharge of the duties of the office, shall hereafter be allowed to practice said profession. The bond furnished by the notaries must be either a personal or a mortgage bond; *Provided*, That corporate surety may be accepted as sole and sufficient surety and entitled to all rights and subject to all liabilities as a natural person surety, as provided by Section 355 of the Code of Civil Procedure; *And provided, further*, That the Bar Association of Puerto Rico may also be accepted as sole surety to answer for the faithful discharge by any associate lawyer of his office as notary, the said association being authorized to collect for said surety the amount it may deem reasonable. The bond, when furnished, shall not be deemed completed until approved by the Supreme Court of Puerto Rico, and, if a mortgage bond, until entered in the registry of property. After the approval of the bond, the notary shall take the oath herein-

after prescribed and notify the district court within whose jurisdiction he is to reside, of the date on which he will open his notarial office. The bond given by the notary shall respond to any damages that may be caused by the act or omission of the notary in the discharge of his duties as such; *Provided,* That if any claim is recovered against the notary's bond, involving the whole or a part of the sum for which it is given, the notary shall be required to execute a new bond before continuing in the exercise of his profession, for the same amount and in the same form as required in the first instance.''

■ The Bar Association of Puerto Rico comes to us in request that we issue an order declaring that we accept as sole guaranty of its functions as surety for the notaries, its good faith and the sum of $25,000 in United States bonds, which it binds itself to deposit in the office of the Clerk of this Court. In the course of its petition in this Court the Colegio sets forth that so far it has been unable to obtain more than $22,500 worth in bonds and that $2,500 is missing. The determination to resort to this method of fixing the amount in $25,000 and depositing them in the Supreme Court is the result of a resolution of the Colegio de Abogados itself passed on July 12, 1939. We think this is a good idea, despite the fact, as we shall see, there is no express provision in the law to that effect.

Reading the act we do not find any specific authority by which the Supreme Court of Puerto Rico can now authorize or ratify the action of the Colegio de Abogados in showing its responsibility by depositing bonds of $25,000 in the Supreme Court of Puerto Rico. We find nothing in the act itself or in the general laws of Puerto Rico which would give this Court authority or jurisdiction to approve the security of the Colegio de Abogados similarly as the different executives of Puerto Rico do when they approve the bonds of domestic or foreign corporations, insurance or security. We have no question that the Colegio de Abogados authorized by the Legislature, can undertake the work done so frequently

by a security company, and we are entirely willing to help the Colegio, so far as we can.

■ The only jurisdiction conferred upon this Court is to approve notarial bonds, whether they are presented by the. Colegio de Abogados, or a security company, or by private individuals, or by mortgages. Therefore, the question can only properly arise when a notarial bond, executed by the Colegio de Abogados, is presented to this Court for approval. Then we shall have the opportunity to approve or not approve the bond whether upon the self-imposed condition of the Colegio de Abogados to furnish $25,000 or $22,500 in bonds, and whether the Colegio is further undertaking to do what either in its resolution or before this Court it said it would do. Of course, this Court can not absolutely bind itself in its future action, but all the members of this Court are inclined, so far as they can, to approve any bond presented to them if the Colegio de Abogados would show at the time that it is complying or trying to comply with the condition that it imposed upon itself.

Under these conditions we shall not now definitely act on the motion of the Bar Association, but leave it in suspense until a particular bond is presented to the court for approval.